UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOUGLAS M. CHRISTY,<br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | NO.  C2:13-CV-01795-JCC-JLW<br><br>REPORT AND RECOMMENDATION |

<u>BASIC DATA</u>

Type of benefits sought:

　　( ) Disability Insurance

　　(X) Supplemental Security Income – Disability

Plaintiff's:

　　Sex: Male

　　Age: 32 at alleged onset date

Principal Disabilities Alleged by Plaintiff: affective disorders, anxiety disorders, personality disorders, and substance abuse disorders.

Disability Allegedly Began: May 30, 2011

Principal Previous Work Experience: some work; insufficient to constitute past relevant work.

Plaintiff Last Worked: no recent work or work during relevant period.

Education Level Achieved by Plaintiff: high school

REPORT AND RECOMMENDATION - 1

PROCEDURAL HISTORY – ADMINISTRATIVE

Before ALJ:

    Date of Hearing: October 12, 2012

    Date of Decision: November 26, 2012

    Appears in Record at:  AR 13-28

    Summary of Decision:

        Claimant has not engaged in substantial gainful activity since his amended alleged onset date, May 30, 2011; he has severe impairments of affective disorders; anxiety disorders; personality disorders; and substance addiction disorders.  His impairments, even in combination, do not qualify under the Listings.  He has the residual functional capacity to perform a full range of work at all exertional levels, subject to certain nonexertional limitations.  The testimony of the vocational expert identified examples of three jobs he can perform: stores laborer, tile setter, and assembler.  This establishes he can perform substantial work which exists in the national economy and requires a finding of "not disabled."

Before Appeals Council:

    Date of Decision: August 1, 2013

    Appears in Record at: AR 1-7

    Summary of Decision: Declined review.

PROCEDURAL HISTORY – THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff  (X) Commissioner

RECOMMENDATION OF

UNITED STATES MAGISTRATE JUDGE

(X)  Reverse and remand to the ALJ for further administrative proceedings.

SUMMARY OF RECOMMENDATION

    The ALJ's decision does not follow established Ninth Circuit law and controlling statutory authority for the proper analytical framework where drug or alcohol addiction

REPORT AND RECOMMENDATION - 2

("DAA") is a significant factor in a claimant's disability determination.  Based on this legal error, I recommend the case be remanded to the ALJ for further analysis following applicable law.  I additionally recommend that the Commissioner afford Plaintiff the opportunity to supplement the record with a showing of the extent to which Dr. Snyder participated in the examination and diagnosis of Plaintiff, prior to the preparation of the report which Nurse Gaebler signed and he countersigned.

## I.     STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.

## II.     ISSUES ON APPEAL

1.     Did the ALJ err in assessing Plaintiff's impairments as required by 20 C.F.R. §§ 404.1535 and 416.935?

2.     Did the ALJ err in assessing medical opinion evidence from ARNP Gaebler and Dr. Snyder?

3.     Do the errors warrant remand for further proceedings or payment of benefits?

Dkt. No. 18 at 1-2.

## III.     DISCUSSION

A.     <u>Analysis of Plaintiff's Substance Abuse</u>

Plaintiff asserts the ALJ erred in finding he is not disabled without first evaluating his impairments including the effects of his DAA as required by the Regulations.  Dkt. 18 at 3-4.  Defendant argues the DAA analysis was not applicable and that the ALJ's decision is based on substantial evidence.  Dkt. 20 at 4, 12.

Social Security claimants may not receive benefits where drug addiction or alcoholism is a material contributing factor to disability.  *See* 20 C.F.R. §§ 404.1535(b), 416.935(b); 42

U.S.C. § 423 (d)(2)(c). Procedurally, an ALJ must first conduct the five-step inquiry **without** separating out the impact of alcoholism or drug addiction. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). Then, if the ALJ finds the claimant disabled and there is medical evidence of drug addiction or alcoholism the ALJ must determine whether the claimant would still be found disabled if he stopped using alcohol or drugs. *Id*. The claimant bears the burden of proving that DAA is not a "material contributing factor to his disability." *Parra v. Astrue*, 481 F.3d 742, 744-45 (9th Cir. 2007).

The decision of the ALJ in this case was lengthy, detailed and thoughtful. But it did not follow the requirement of *Bustamante v. Massanari* that he make two separate determinations. This procedure was required in this case, as the ALJ found Plaintiff's substance addiction disorders constituted a severe impairment.

Therefore, the ALJ was required, first, to determine whether Plaintiff was disabled after considering all of his impairments, including his drug and alcohol addictions. The ALJ made no finding on this question, either way. If the court could conclude with confidence that the ALJ's decision can only be read to state a conclusion that Plaintiff was NOT disabled, even with his addictions, we could perhaps avoid the delays and costs attendant upon a remand. But we cannot draw any such conclusion from the ALJ's decision.

Three examples illustrate this ambiguity. The ALJ found the "evidence suggests the claimant would be able to better control his mental health symptoms with medication compliance and abstaining from substance abuse." AR 22. He also stated his agreement that Plaintiff's substance abuse exacerbates his symptoms. AR 24. Finally, the ALJ noted that Plaintiff reports auditory hallucinations, but then adds that there is no evidence he hears them when he is not abusing substances. AR 24.

To make a proper review of the ALJ's decision, this court must know whether the ALJ found Plaintiff not disabled, even with his substance abuse; or whether he was disabled "as is," but his abuse of drugs and alcohol was a material contributing factor to his disability. Different legal issues, and different portions of the factual record, are implicated in these two contrasting findings. Remand is therefore required.

Plaintiff argues that the court should remand for the payment of benefits. Given the fact we cannot determine exactly what the ALJ decided, let alone whether that decision was adequately supported by the evidence, payment of benefits is, at the very least, premature.

B. <u>The ALJ's Evaluation of Medical Evidence</u>

Plaintiff asserts the ALJ erroneously dismissed the opinion of treating provider ARNP Gaebler who found him marked or extremely limited in several categories of functioning. Dkt. 18 at 9. ARNP Gaebler's opinion was signed by Dr. Snyder but the ALJ gave the opinion reduced weight in part because Nurse Practitioner Gaebler is not an acceptable medical source and there is no evidence Dr. Snyder examined Plaintiff. AR 23. Plaintiff cites case law and statutory authority in support of his argument that a joint nurse/doctor opinion must also be treated as a valid physician opinion. Dkt. 18 at 11. Plaintiff asserts this reason and the others cited by the ALJ for dismissing ARNP Gaebler's opinions are in error.

The extent to which Dr.Snyder participated in the examination and diagnosis of Plaintiff affects the weight the ALJ was required to give the report and the strength of the reasons the ALJ must articulate if he rejects the report's conclusions. Since the case must be remanded for other reasons, Plaintiff should have the opportunity to provide additional evidence as to Dr. Snyder's participation.

REPORT AND RECOMMENDATION - 5

V.  CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be REVERSED and the case be REMANDED for further administrative proceedings.  On remand, the ALJ should follow the analytic framework required by *Bustamante v. Massanari*, as discussed above.  In the course of remand the Commissioner should afford Plaintiff the opportunity thirty (30) days to supplement the record with a showing of the extent to which Dr. Snyder participated in the examination and diagnosis of Plaintiff, prior to the preparation of the report which Nurse Gaebler signed and he countersigned.

A proposed order accompanies this Report and Recommendation. Objections to this Report and Recommendation, if any, must be filed with the Clerk and served upon all parties to this suit no later than fourteen (14) days after the date on which this Report and Recommendation is signed.  If no timely objections are filed, the Clerk shall note this matter for the earliest Friday after the deadline for objections, as ready for the Court's consideration. Failure to file objections within the specified time may affect your right to appeal.  If objections are filed, any response is due within fourteen (14) days after being served with the objections.  A party filing an objection must note the matter for the court's consideration fourteen (14) days from the date the objection is filed and served.  Objections and responses shall not exceed twelve pages.

DATED this 24th day of June, 2014.

JOHN L. WEINBERG
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6